```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MARY DAVIS,**

       Plaintiff,

v.                              //     CIVIL ACTION NO. 5:07CV20
                                                              (Judge Keeley)

**WAL-MART STORES, INC.,** a Delaware
corporation doing business as
Wal-Mart Supercenter Store #2684,
**WAL-MART STORES EAST, LP,** an Arkansas
Corp. doing business as Wal-Mart
Supercenter Store #2684, and **ASSEMBLED
PRODUCTS CORP.** an Arkansas Corp.,

       Defendants.

## ORDER FOLLOWING HEARING ON DECEMBER 10, 2007

On December 10, 2007, the Court conducted a hearing on a motion to enforce settlement filed by defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (jointly "Wal-Mart"). Wal-Mart and defendant Assembled Products Corp. appeared by counsel at the hearing. The plaintiff, Mary Davis ("Davis"), was not present either in person or by counsel despite the fact that counsel for Ms. Davis, Jacob M. Robinson, Sr. and Ronald W. Zavolta, had been notified in writing of the hearing and had not contacted the Court regarding his inability to attend or to otherwise seek a continuance.

**DAVIS V. WAL-MART**	5:07CV20

## ORDER FOLLOWING DECEMBER 10, 2007 HEARING

In considering Wal-Mart's motion to enforce the settlement agreement, the Court reviewed the events in this case leading up to this current motion. On February 6, 2007, shortly after this civil action was filed, Davis orally agreed to settle her claims against Wal-Mart. The parties then sent a letter to Judge Stamp, who subsequently transferred the case to this Court, notifying him of this settlement. Shortly thereafter, Wal-Mart provided Davis with a proposed Release and Dismissal Order, and requested that Davis' counsel fill out a tax ID form that Wal-Mart requires before it will distribute settlement funds. Davis' counsel responded with several proposed changes to the Release and the dismissal order, and, for the first time, advised Wal-Mart that Davis was not willing to jeopardize her Medicare benefits or Social Security payments by settling at that time.

Wal-Mart's counsel amended the Release and Dismissal Order to reflect the changes requested by Davis. It returned these documents to Davis for signature and requested that Davis' counsel place the settlement proceeds in a client trust account pending resolution of the Medicare issue. Further correspondence followed, with Davis' counsel eventually indicating, on May 22, 2007, that he believed that perhaps a "special needs trust" or a "needs based trust" would protect his client's interests.

## ORDER FOLLOWING DECEMBER 10, 2007 HEARING

Wal-Mart filed the instant "Motion to Enforce Settlement" on October 17, 2007, after nearly five months had passed without Davis taking any further action to finalize the settlement agreement. Shortly after filing this motion, Wal-Mart received a fax from Davis' counsel, indicating that Davis, via her attorney-in-fact, was willing to execute the Release, and requesting that Wal-Mart send the proposed Release and settlement check to Davis. Wal-Mart provided the release to Davis' counsel, and again informed counsel that it must fill out the Attorney Tax ID Form before Wal-Mart could provide a check for the settlement amount. No further communications occurred prior to the date of this hearing.

Wal-Mart now asks this Court to enforce the settlement, to dismiss the case with prejudice, and to award Wal-Mart attorneys fees and costs which is has incurred while trying to enforce the settlement with Davis.

The Court possesses inherent power to enforce a settlement agreement if it (1) finds that the parties have reached a complete agreement, and (2) is able to determine the agreement's terms and conditions. Moore v. Beaufort County, 936 F.2d 159, 162 (4th Cir. 1991). The Court may award attorneys fees and costs if "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)

(internal citations omitted). This remedy, however, is only appropriate in extraordinary circumstances, and the Court must be satisfied that bad faith or abuse is present. Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 543 (4th Cir. 2002).

In this case, which has lain dormant now for many months, there is no factual dispute as to whether the parties reached a complete settlement agreement or as to the terms of that agreement. Rather, it appears that Davis decided to delay formalizing the agreement for reasons first addressed after the agreement between the parties had already been reached. The Court therefore finds that a settlement agreement exists, and that its terms and conditions are such as specified on the record during the hearing on December 10, 2007.

Accordingly, the Court **GRANTS** Wal-Mart's Motion to Enforce Settlement (dkt. no. 21), and will dismiss the case with prejudice as to Wal-Mart as soon as the parties enter an Agreed Order of Partial Dismissal. Finally, the Court **DENIES** Wal-Mart's request for costs and attorney's fees without prejudice subject to renewal should counsel for Davis fail to comply with the Court's orders in this case. In that event, such failure could result in sanctions, including, but not limited to, an award of attorneys fees and costs to Wal-Mart.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

Date:  December 11, 2007

                                             /s/ Irene M. Keeley
                                             Irene M. Keeley
                                             United States District Judge